* Vecchioli's request for oral argument is denied because the panel unanimously finds this case

Lorenzo **VECCHIOLI, Plaintiff— Appellant,**

v.

**BOREL PRIVATE BANK & TRUST COMPANY, a California corporation on its own behalf and as Trustee of the Andre LeRoy Trust; et al., Defendants—Appellees.**

No. 05–17290.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 13, 2007.

Lorenzo Vecchioli, San Francisco, CA, pro se.

Walter T. Johnson, Esq., Nixon Peabody, LLP, Shartsis Friese, LLP, Kevin D. Morris, Esq., San Francisco, CA, William Bates, III, Esq., Bingham McCutchen, LLP, East Palo Alto, CA, Andre Morris & Buttery, Santa Maria, CA, for Defendants–Appellees.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Lorenzo Vecchioli appeals pro se from the district court's judgment dismissing his action challenging defendants' actions re-

suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lated to the maintenance and sale of property once owned by his grandfather. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Manufactured Home Cmtys Inc. v. City of San Jose,* 420 F.3d 1022, 1025 (9th Cir.2005) (dismissal based on res judicata), and "[w]e may affirm the district court's decision on any ground supported by the record, even if it differs from the district court's rationale," *Lambert v. Blodgett,* 393 F.3d 943, 965 (9th Cir.2004).

The district court properly concluded that all of the claims except those involving Deutsche Bank's maintenance of the trust property are barred by res judicata, because Vecchioli had or could have asserted the claims in probate and civil proceedings before the California courts. *See Manufactured Home Cmtys,* 420 F.3d at 1031 (discussing California preclusion law; holding claims were properly dismissed based on res judicata). Moreover, the remaining claims against Deutsche Bank for its maintenance of the property before its sale in 1995 are barred by the applicable statutes of limitations. *See* Cal. Prob.Code § 16460 (two-year limitations period for breach of trust claims); *David Welch Co. v. Erskine & Tulley,* 203 Cal.App.3d 884, 893, 250 Cal.Rptr. 339 (1988) (four-year catch-all statute in Cal.Civ.Proc.Code § 343 applicable to breach of fiduciary duty claims); Cal.Civ.Proc.Code § 339(1) (two-year limitations period for negligence claims).

Vecchioli's remaining contentions lack merit.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).